FILED

Armen R. Vartian (Bar No. 155766)
1601 N.Sepulveda Blvd. #581
Manhattan Beach, CA 90266
310-372-1355 phone
866-427-3820 fax
Attorney for Plaintiff

2013 OCT 24 PM 3:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSET MARKETING SERVICES, INC. <br> Plaintiff, <br><br> v. <br><br> REGAL ASSETS, LLC <br> Defendant | Case No. CV13-07883 MMM (AJWx) <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT; VIOLATION OF LANHAM ACT; TRADEMARK DILUTION; UNFAIR COMPETITION** |

BY FAX

ASSET MARKETING SERVICES, INC., by its attorney Armen R. Vartian, for its Complaint in this action, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This action arises under 15 U.S.C. §1114 and the Lanham Act, 15 U.S.C. §1125, and this Court has original jurisdiction of Plaintiff's federal and state claims

Complaint for Trademark Infringement etc. - 1

under 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §1331, and of Plaintiff's California state law claims also under principles of pendent jurisdiction.

2. Venue is appropriate in this Judicial District under 28 U.S.C. §1391(b) as Defendant is headquartered in this Judicial District, Plaintiff does business in this District and a substantial portion of the events, omissions and property which is the subject matter of this action are located in this District.

## PARTIES

3. Plaintiff ASSET MARKETING SERVICES, INC. ("AMS") is a Minnesota corporation with principal place of business in Burnsville, MN.

4. Defendant REGAL ASSETS, LLC (REGAL) is, upon information and belief, a California limited liability company with principal place of business in Universal City, CA.

## GENERAL ALLEGATIONS

5. AMS markets and sells coins to collectors and investors through two divisions named First Federal Coin and GovMint. AMS has expended money, time and effort promoting its business under the First Federal Coin and GovMint names, and to make those names familiar to the public at large and to coin collectors, investors and others involved in the coin industry. AMS has built a valuable goodwill under the names First Federal Coin and GovMint and has become a recognized market leader as well.

6. For example, First Federal Coin was the primary U.S. distributor for the Olympic Games Commemorative coins for Sydney 2000, Beijing 2008, Vancouver 2010 and the sole U.S. distributor for London 2012. First Federal Coin is also official distributor for many prestigious mints, including the British Royal Mint,

Royal Canadian Mint, China Mint, South African Mint, and the Royal Australian Mint.

7. GovMint likewise sources and sells hundreds of different types of coins to customers throughout the U.S. Among other things, through its special relationship with the Smithsonian Institution, GovMint is exclusive marketer of coins whose designs are based on unique coin designs found in the Smithsonian's archives.

8. "First Federal Coin" and "GovMint" have been registered trademarks of AMS since November 3, 2009.

9. Regal Assets sells precious metals as investments, for example through its "Gold IRA Rollover Kit". Regal markets its products by, among other things, posting videos online for potential customers. As of September 30, 2013, Regal had posted a total of 2,623 videos on YouTube under the username "GoldSilverBuy", and upon information and belief, this number will continue to increase as Regal has been posting additional videos daily.

10. Regal's videos are each approximately two minutes in length and promote the sale of coins as investments. Most of the videos do not contain the name "Regal Assets" in their title, but instead contain the AMS trademarks, "First Federal Coin Corp" or "GovMint" in their titles.

11. When an internet user does a search using the terms "first federal coin," "first federal coin corp," "govmint," or "govmint.com", the results return a number of Regal's videos. These videos appear on the first search results page and continue on to additional pages. Depending on which of AMS's marks is being searched, that mark appears in the names of each of the videos.

12. For example, persons searching for "govmint" see videos with titles such as "chinese gold coins|buy bullion gold|buy mexican coins|gold ira

investing|**govmint**| 1 oz gold"; "1 oz gold bullion|buy bullion gold|chinese 24k gold eagle platinum|**govmint**|best gold"; $5 gold coins **govmint**|buy bullion gold|Canadian maple gold coin price gold coin bullion"; and "krugerrands|buy bullion gold|coins gold bullion free gold bullion|**govmint**|numismatic gold."

13. Persons searching for "first federal coin" see videos with titles such as "platinum coins|buy bullion gold|compare ira **first federal coin corp**|palladium coins| 1 oz gold"; silver eagles|buy bullion gold|buy silver coins **first federal coin corp**|gold proof sets|$5"; and "us mint proof sets|buy bullion gold|buying coins **first federal coin corp**|proof silver eagles".

14. These videos, although produced by Regal, are posted under the name "GoldSilverBuy." The videos that contain the AMS trademarks in the title do not have any initial indication of being associated with Regal, and Regal intentionally avoids use of its own name in connection with the videos to trade on AMS's goodwill in the "First Federal Coin" and "GovMint" names.

15. Consumers who search for videos or television advertisements posted online from First Federal Coin and GovMint are likely to become confused and believe they are watching an advertisement made and published by those AMS divisions when, in fact, the videos are produced by Regal and direct consumers to telephone numbers used by Regal.

16. Consumers are further likely to become confused and believe these videos reflect AMS's offers of products and prices. Consumers who then order the products offered on these videos will expect the quality of product and price associated with AMS, as well as the additional benefits AMS provides with the sale of its products, none of which are provided by Regal.

17. In August 2013, AMS sent two cease and desist letters to Regal regarding First Federal Coin and GovMint, respectively, each letter providing documentation of AMS's trademarks and a demand that Regal stop using the trademarks in the titles of its videos. Since receiving those letters, Regal has maintained each of its existing videos, and continued to post new videos containing "First Federal Coin" and "GovMint" in the titles.

## COUNT ONE –
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

18. AMS repeats and realleges each and every allegation contained in Paragraphs 1-17 hereof as though set forth in full here.

19. Regal has repeatedly engaged in unlawful infringement of AMS's trademarks under 15 U.S.C. §1114 in that during the past four years and continuing through the present, Regal has used in commerce videos containing AMS's trademarked names, with the purpose of passing off those videos, and the coins sold through the videos, as genuine AMS products.

20. Regal disseminated coins advertised in its videos to numerous coin collectors and investors in interstate commerce.

21. In every instance where Regal passed off one of its videos, and offered coins in those videos, using one of AMS's trademarked names, as referred to in paragraph 19 above, Regal knew and intended that it would thereby create a belief in potential and actual coin purchasers that they were dealing with AMS, despite the fact that Regal knew that its products had no connection with AMS whatsoever. The direct and intended result of the acts identified in Paragraph 19 above was to cause the public to be deceived and confused concerning the source of Regal's products. In other words, purchasers and prospective purchasers were led to believe that they were dealing with AMS when in fact Defendants knew such was not the case.

22. The actions of Regal, if not enjoined, will continue. AMS has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the AMS marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

23. Pursuant to 15 U.S.C. § 1117, AMS is entitled to recover damages in an amount to be determined at trial, profits made by Regal on sales made in connection with the use of AMS's marks, and the costs of this action. Furthermore, AMS is informed and believes, and on that basis alleges, that the actions of Regal were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT TWO – LANHAM ACT

24. AMS repeats and realleges each and every allegation contained in Paragraphs 1-17 hereof as though set forth in full here.

25. Regal's aforesaid acts constitute an actionable wrong under 15 U.S.C. §1125(a) in that it knowingly and willfully used in connection with their goods a false description and representation as to the source and quality of its coins, including words, symbols and numbers tending falsely to describe or represent their videos and coins as being offered by AMS, and have caused such videos and coins to enter into, and be transported and used in interstate commerce with knowledge of the falsity of such description and representation.

26. Regal's use of the "First Federal Coin" and "GovMint" marks will likely cause and has caused confusion over whether the videos, and coins sold through them, originated with AMS, and as to whether AMS has endorsed Regal and the coins it sells.

27. The actions of Regal, if not enjoined, will continue. AMS has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, injury to AMS's business. AMS is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

28. Pursuant to 15 U.S.C. § 1117, AMS is entitled to recover damages in an amount to be determined at trial, profits made by Regal on sales made in connection with the use of AMS's marks, and the costs of this action. Furthermore, AMS is informed and believes, and on that basis alleges, that the actions of Regal were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT THREE – TRADEMARK DILUTION

29. AMS repeats and realleges each and every allegation contained in Paragraphs 1-17 hereof as though set forth in full here.

30. The "First Federal Coin" and "GovMint" trademarks are very strong after years of successful marketing, significant sales volume, critical acclaim, and widespread recognition among collectors and investors in coins. As a result of the duration and extent of use of these marks, the duration and extent of the advertising and publicity of the marks, the geographical extent of the distribution of the same, the superior quality of AMS's goods and services and the degree of recognition of the "First Federal Coin" and "GovMint" marks, these marks have achieved an extensive degree of distinctiveness and are famous marks.

31. Regal has used, and is continuing to use, the "First Federal Coin" and "GovMint" marks in connection with its own business intending to ride on AMS's goodwill and reputation to enhance Regal's own reputation and goodwill.

32. Regal's use of the "First Federal Coin" and "GovMint" marks in connection with videos and coins over which AMS has no control dilutes the distinctive quality of the marks.

33. By reason of the foregoing unlawful acts, Regal has caused, and is continuing to cause, substantial and irreparable damage and injury to AMS's reputation and goodwill, and Regal has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

34. As a proximate and direct result of Regal's acts, AMS has sustained damages in an as yet unascertained amount to be proven at trial.

## COUNT FOUR -- CALIFORNIA UNFAIR COMPETITION

35. AMS repeats and realleges each and every allegation contained in Paragraphs 1-17 hereof as though set forth in full here.

36. Regal is a competitor of AMS in the business of retailing coins to collectors and investors.

37. Regal's aforesaid acts constitute unlawful, unfair and fraudulent business practices, as prohibited by the common law and by California Business & Professions Code §17200 read with §§17203 and 17205. They constitute federal trademark law violations as alleged above.

38. By reason of Regal's unlawful acts as described herein Regal has caused, and is continuing to cause, substantial and irreparable damage and injury to AMS and to the public and Regal has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

39. AMS has no adequate remedy at law.

40. As a proximate and direct result of Regal's unlawful conduct and acts of unfair competition, AMS has sustained damages in an as yet unascertained amount.

41. In acting as set forth herein, Regal acted willfully, fraudulently, maliciously, and in wanton disregard of AMS's rights. Therefore, AMS seeks exemplary damages from Regal in an amount according to proof at trial.

WHEREFORE, Asset Marketing Services prays this Court for judgment on this Complaint:

(a) awarding AMS its actual damages in an amount to be proved at trial;
(b) awarding AMS any and all profits earned by Regal from publication of the infringing videos;
(c) in the alternative, awarding AMS statutory damages in the amount of $150,000 for each infringement by Regal;
(d) awarding AMS reimbursement of AMS's costs and attorney's fees in investigating this matter and bringing this lawsuit;
(e) ordering Regal to remove and destroy all videos using or referring to any of AMS's marks;
(f) permanently enjoining Regal against any infringing use of AMS's marks;
(g) permanently enjoining Regal from any unlawful activity under Business and Professions Code §17203 and awarding AMS restitution in the amount of any sums acquired by Regal by means of such activity, plus exemplary damages as proven at trial.

Dated: October 24, 2013

_____
Armen R. Vartian
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ____Margaret M. Morrow____ and the assigned Magistrate Judge is ____Andrew J. Wistrich____ .

The case number on all documents filed with the Court should read as follows:

**2:13-CV-7883-MMM (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 24, 2013
Date

By  MDAVIS
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)  NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Asset Marketing Services, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Regal Assets, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Armen R. Vartian, Law Offices of Armen R. Vartian
1601 N. Sepulveda Blvd., #581
Manhattan Beach, CA 90266
310-372-1355

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

BY FAX

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 150,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement (15 U.S.C. 1114) and Violation of Lanham Act (15 U.S.C. 1125). Defendant is using Plaintiff's registered federally registered trademarks, "GovMint" and "First Federal Coin", in advertising their company with the specific intent and effect of deceiving and confusing customers concerning the source of Defendant's goods.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-07883

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (09/13)           CIVIL COVER SHEET           Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/_  DATE: 10/24/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |